a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BYRON BROCK (#17375-026), Plaintiff | CIVIL ACTION NO. 1:16-CV-1345-P |
| VERSUS | CHIEF JUDGE DRELL |
| OFFICER WHITE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Byron Brock (#17375-026) ("Brock") filed suit under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>.[1] Brock was granted leave to proceed *in forma pauperis*. (Doc. 8). Brock is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Coleman, Florida. Brock complains that he was subjected to excessive force while he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Brock names as defendants Warden M. D. Carvajal, Officer White, Complex Captain J. Tucker-Hill, and Associate Warden G. Beasley.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  Background

Brock alleges that, on September 9, 2014, he was ordered to exit his cell for cell rotation. Officer White "snatched" Brock out of the cell and "shoved" Brock into another cell. (Doc. 5, p. 3). Officer White ordered Officer Jones to shut the door to the cell. Officer Keazie advised Officer White that Brock's foot, which was already injured, was holding the door open, and it would be crushed if the door was closed. (Doc. 5, p. 3). Officer White responded by walking over, stomping on Brock's foot, and shoving Brock into the cell. (Doc. 5, p. 3).

Brock filed an administrative grievance, which was denied. Brock submitted an appeal to the Regional Director, which was also denied. Brock states that he filed an appeal to the Central Office on February 19, 2015, but he did not receive a response. (Doc. 14).

II.  Law and Analysis

A.  Brock's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Brock is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Brock's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Brock's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Brock's complaint is time-barred.

Brock alleges that he was subjected to excessive force by Officer White on September 9, 2014. Brock states that he filed an appeal of the denial of his administrative grievance to the Central Office on February 19, 2015, but did not receive a response. Brock filed his complaint in this Court on September 23, 2016. (Doc. 1).

The statute of limitations for a § 1983 or Bivens action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period for personal injury actions. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law determines when a Bivens cause of action accrues. United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury

which is the basis of the action. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Equitable tolling applies to cases filed under Bivens for the time spent properly exhausting the BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002).

Brock's claim accrued on September 9, 2014, the date of his injury. Brock alleges that his final appeal was sent to the Central Office on February 19, 2015, but he did not receive a response. The Central Office should have responded within 40 days of the filing of Brock's appeal. See 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. See id. Therefore, Brock's claim was effectively denied on March 31, 2005. Brock did not file suit until approximately 18 months later. Therefore, Brock's Bivens complaint is barred by Louisiana's one-year prescriptive period.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Brock's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge